

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| LENTIGUS KENTA FLOYD,<br>   Petitioner, | § § § | |
| vs. | § § | CIVIL ACTION NO. 8:14-01802-MGL |
| BRYAN STIRLING, Commissioner, South<br>Carolina Department of Corrections; and<br>ROBERT STEVENSON, Broad River<br>Correctional Institution,<br>   Respondents. | § § § § § § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
GRANTING RESPONDENTS' MOTION FOR SUMMARY JUDGMENT,
AND DISMISSING THE PETITION WITH PREJUDICE**

  This case was filed as a 28 U.S.C. § 2254 action. The parties are represented by excellent counsel. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Respondents' motion for summary judgment be granted and the Petition be dismissed with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not

conduct a de novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b). Thus, the Court need not—and will not—address any of Petitioner's arguments that fail to point the Court to alleged specific errors the Magistrate Judge made in the Report.

The Magistrate Judge filed the Report on July 18, 2017, Petitioner filed his objections to the Report on August 7, 2017, and Respondents filed their reply on August 21, 2017. The Court has reviewed Petitioner's objections, but holds them to be without merit. Therefore, it will enter judgment accordingly.

Petitioner raises three objections to the Magistrate Judge's Report.\* The Court will address each one in turn.

First, Petitioner objects to the Magistrate Judge's conclusion that *Martinez v. Ryan*, 566 U.S. 1 (2012), fails to extend to Ground Two of his Petition because Petitioner ostensibly failed to couch Ground Two in terms of ineffective assistance of counsel. Petitioner claims his Petition states this ground was not previously raised as required because he received ineffective assistance of post-conviction relief (PCR) counsel. Petitioner argues in Ground Two his right to due process under the Fifth and Fourteenth Amendments to the United States Constitution was violated by the State's failure to disclose its deal with a key prosecution witness—that the witness would receive a reduced sentence in exchange for his incriminating testimony. Petitioner asserts he can establish

---

\* Petitioner originally raised five grounds for relief in his Petition. Petitioner has since abandoned Grounds Three and Five of his Petition. *See* ECF No. 60 at 7 n.3; ECF No. 63 at 4. The Court thus need not address Grounds Three and Five.

the requisite cause and prejudice to excuse his procedural default in light of PCR counsel's failure to raise this claim before the PCR court. The Court is unpersuaded.

It is uncontested Petitioner's Ground Two is procedurally defaulted due to PCR counsel's failure to raise the claim before the PCR court as required. Nevertheless, Petitioner avers he should be excused from the procedural default under *Martinez* because he can satisfy the requisite "cause and prejudice" standard. *Martinez* stands for the proposition a federal habeas court can find "cause" in relation to excusing a procedural default where

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

*Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013) (quoting *Martinez*, 566 U.S. at 13-14)). To satisfy the "cause and prejudice" standard to excuse his procedural default, Petitioner must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and (2) "errors at his trial . . . worked to his *actual* and substantial disadvantage, infecting his entire trial with error[s] of constitutional dimensions," *United States v. Frady*, 456 U.S. 152, 170 (1982).

As noted above, in Ground Two, Petitioner argues his right to due process was violated by the State's ostensible failure to disclose its deal with Ricky Stinson (Stinson), a co-defendant and key witness for the prosecution, that Stinson would receive a reduced sentence in exchange for his incriminating testimony against Petitioner. PCR counsel neglected to raise this claim before the PCR court, and Petitioner contends this failure should excuse his procedural default on this claim.

3

Petitioner concedes both his counsel and counsel for the State made an inquiry at Petitioner's trial regarding Stinson's understanding as to whether there was a deal in place for his testimony, which Stinson denied in open court, ECF No. 13-13 at 48, 91. Nonetheless, Petitioner points to Stinson's 2006 guilty plea where Stinson received a reduction in his charges and lesser exposure and posits the State was obligated to disclose this deal at Petitioner's trial. Petitioner speculates, based on the entry of Stinson's plea two years after Petitioner's trial, there was a pre-existing conspiracy among State prosecution units and Stinson to avoid disclosure of the alleged deal and allow false testimony at Petitioner's trial. Petitioner is mistaken, however.

Petitioner has failed to present anything more than mere unfounded speculation that the State conspired to keep secret its deal with Stinson that he would receive a reduced sentence in exchange for his incriminating testimony. At the time of Stinson's testimony at Petitioner's June 23, 2004, trial, Stinson testified on cross-examination he had not received a reduced charge for his testimony. *Id.* at 91. Subsequent to Petitioner's trial, the other co-defendant, Prentice Floyd, pled guilty to voluntary manslaughter in October 2006. Stinson then pled guilty to accessory after the fact to murder on November 8, 2006.

Importantly, the State prosecutor, Mr. Myrick, testified at Stinson's plea hearing as follows:

> MR. MYRICK: To clarify, Your Honor, the police found Prentice Floyd with Mr. Stinson's help. He testified at the trial of [Petitioner], the actual shooter, which resulted in [Petitioner] getting life. In his statements, which he made during the run-up to the anticipated trial of Prentice Floyd, were instrumental in Prentice Floyd entering a plea of guilty before this Court last month. There's no doubt in my mind, Your Honor, that with respect to Prentice Floyd, in particular, we would not have had the result we had without Mr. Stinson's assistance.

4

ECF No. 57-1 at 19. This testimony indicates Stinson received a reduced sentence based, at least in part, on Stinson's assistance leading to Prentice Floyd's conviction. Given this conduct occurred subsequent to Petitioner's trial, it is inconceivable the State conspired to avoid disclosure of a deal with Stinson at the time of Petitioner's trial. The disposition of charges against Stinson, occurring two years after his testimony at Petitioner's trial, standing alone, fails to establish the existence of a deal at the time of Petitioner's trial. *See Wisehart v. Davis*, 408 F.3d 321, 325 (7th Cir. 2005) ("[T]he fact that a prosecutor afforded favorable treatment to a government witness, standing alone, does not establish the existence of an underlying promise of leniency in exchange for testimony." (quoting *Shabazz v. Artuz*, 336 F.3d 154, 165 (2d Cir. 2003))). Thus, the Court holds Petitioner has failed to raise a substantial claim sufficient to show cause to excuse his procedural default on this claim. Consequently, the Court will overrule Petitioner's first objection.

Second, Petitioner insists the Magistrate Judge erred by recommending Petitioner's Ground Four is procedurally barred under *Martinez* and that Petitioner has failed to show the ground was substantial and had "some merit." Petitioner contends his trial counsel was ineffective by failing to enter character evidence relating to the victim, Keke Miller (Miller), to show Miller was the first aggressor. Petitioner urges his claim is substantial. The Court is unable to agree.

As with Ground Two, it is undisputed Ground Four is procedurally defaulted in light of Petitioner's failure to raise this claim in the PCR court. To show cause under *Martinez* to excuse this procedural default, Petitioner must demonstrate his underlying ineffective assistance of trial counsel claim is "substantial," which is to say it has "some merit." 566 U.S. at 14. In Petitioner's

5

second objection, he maintains the failure of his trial counsel to enter character evidence relating to Miller to show Miller was the first aggressor is a substantial claim because this evidence was purportedly important to Petitioner's defense since his defense at trial was he shot Miller in self-defense. The cogency of Petitioner's argument eludes the Court.

In Petitioner's second objection, although he urges this claim is substantial, he otherwise completely neglects to discuss the Magistrate Judge's factual assessment of the record relating to Ground Four. The Court is compelled to agree with the Magistrate Judge this claim is insubstantial. As the Magistrate Judge observed:

> At trial, Petitioner testified that, upon seeing Florida [Boy] pull out his gun, "I racked the gun back and I fired a couple of rounds in the ground to make him get back." Then, Petitioner shot his gun, at the ground, three or four times. Petitioner affirmed that the purpose of shooting was to scare Florida Boy.

ECF No. 60 at 19 (citations omitted). Based on Petitioner's sworn testimony at trial, evidence relating to Miller's prior criminal history would have been irrelevant under Rule 404(a) of the Federal Rules of Evidence because Petitioner's claim of self-defense was against Florida Boy, not Miller. Accordingly, Petitioner is unable to show his underlying ineffective assistance of counsel claim is substantial and has "some merit," and he thus cannot establish cause under *Martinez* to excuse the procedural default of Ground Four. Therefore, the Court will overrule Petitioner's second objection as well.

Finally, Petitioner objects to the Magistrate Judge's suggestion the PCR court's denial of Petitioner's ineffective assistance of counsel claim regarding trial counsel's failure to cross-examine Stinson regarding the possible sentences he faced for his pending charges was neither contrary to, nor an unreasonable application of, clearly established federal law. Petitioner asseverates trial counsel rendered ineffective assistance of counsel because he failed to use readily

6

available impeaching evidence to undermine the credibility of Stinson, a key witness for the prosecution. He thus objects to the recommendation summary judgment be entered as to Ground One of his Petition.

To prevail on Ground One, Petitioner must show the state court unreasonably applied federal law, as determined by the United States Supreme Court, or show by clear and convincing evidence the state court made "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 100 (2011). To establish trial counsel provided ineffective assistance of counsel, Petitioner must demonstrate (1) his counsel's performance "fell below an objective standard of reasonableness" and (2) he was prejudiced by his counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). When reviewing ineffective assistance of counsel claims under § 2254(d), review is "doubly" deferential. *Harrington*, 562 U.S. at 105 ("The standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." (internal quotations and citations omitted)). Additionally, to prevail on his ineffective assistance of counsel claim, Petitioner must prove both error and prejudice, showing a reasonable probability exists that but for counsel's error, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694.

As noted, in Ground One, Petitioner asserts trial counsel was ineffective for failing to cross-examine Stinson regarding his potential legal exposure. The PCR court evaluated trial counsel's performance under *Strickland*, held trial counsel cross-examined Stinson about his pending charges and possible sentences or deals from the State in exchange for his testimony against Petitioner, and concluded Petitioner's allegation was without merit. Petitioner argues his trial

7

counsel should have placed on the record Stinson faced from thirty years to life in prison. Petitioner's argument is misguided.

At Petitioner's trial, Stinson testified on direct examination he was charged with murder, accessory after the fact, and possession of a firearm. ECF No. 13-13 at 48. On cross-examination, Stinson admitted he was going to trial for murder "next week or some other time." *Id.* at 91. Trial counsel then questioned Stinson regarding whether he had received a deal or would be treated with leniency on his upcoming murder charge in exchange for his testimony, and Stinson responded he had not received a reduced charge for his testimony. *Id.* Given the jury at Petitioner's trial was aware Stinson, like Petitioner, faced a charge of murder, the Court agrees with the PCR court Petitioner's claim is without merit.

Even if the Court were to find counsel's performance deficient, Petitioner fails to prove he was prejudiced by any deficiency as required by *Strickland*. There was overwhelming evidence of Petitioner's guilt independent of Stinson's testimony. Consequently, the Court holds the PCR court's rejection of Petitioner's claim was neither contrary to nor an unreasonable application of *Strickland*, and the Court will likewise overrule this objection.

In sum, the evidence against Petitioner is overwhelming. The case is not close. And, there is no prejudice. *See Meyer v. Branker*, 506 F.3d 358, 373 n.3 (4th Cir. 2007).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Petitioner's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court Respondents' motion for summary judgment is **GRANTED** and the Petition is **DISMISSED WITH PREJUDICE**.

The governing law applicable to certificates of appeals provides "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

A petitioner satisfies this standard by demonstrating reasonable jurists would find this Court's assessment of his constitutional claims is debatable or wrong and any dispositive procedural ruling by this Court is debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case at bar, the legal standard for the issuance of a certificate of appealability is unmet. Therefore, to the extent a certificate of appealability is requested, the request is hereby **DENIED**.

**IT IS SO ORDERED**.

Signed this 24th day of August, 2017, in Columbia, South Carolina.

                                    s/ Mary Geiger Lewis
                                    MARY GEIGER LEWIS
                                    UNITED STATES DISTRICT JUDGE